IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| EDGAR PANGILINAN, | ) | No. CV 07-1687-DGC-CRP |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| KATRINA KANE, | ) | |
| Respondent. | ) | |

Petitioner is being detained by the Bureau of Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security ("DHS") following entry of an order of removal from the United States. Petitioner is proceeding with a petition for writ of habeas corpus ("Habeas Petition") pursuant to 28 U.S.C. § 2241. (Doc 1). Petitioner claims he is being unlawfully detained in violation of the Immigration and Nationality Act ("INA") and his due process guarantees. He contends his mandatory detention pursuant to 8 U.S.C. § 1226(c) is indefinite in nature and no longer authorized since removal is not reasonably foreseeable in the near future. Respondent contests the Habeas Petition, arguing Petitioner is properly held under 8 U.S.C. § 1226(c). Respondent further argues *Tijani v. Willis*, 430 F.3d 1241 (9th Cir.2005) is distinguishable because Petitioner's removal is reasonably foreseeable after the Ninth Circuit rules on Petitioner's appeal of the removal order and lifts

its stay on the removal proceedings. This Court recommends that the District Judge, after his independent review and analysis, GRANT Petitioner's Habeas Petition unless Respondent provides Petitioner with a bond hearing within sixty days.

**Factual and Procedural History**

Petitioner is a native and citizen of the Phillipines. He was admitted to the United States as a Lawful Permanent Resident on August 7, 1993. (Doc 9, Exhibit 1). In May 2001, Petitioner was convicted in California state court for being under the influence of Methamphetamine, a Controlled Substance. (Doc 9, Exhibit 2). Because Petitioner violated the Controlled Substances Act, the Department of Homeland Security ("DHS") initiated removal proceedings against him on March 14, 2005. (Doc 9, Exhibit 3).

Petitioner was granted Cancellation of Removal in May 2005, but was convicted again in California state court of possessing Methamphetamine in March 2006. (Doc 9, Exhibits 4, 5). In August 2006, DHS began a second round of removal proceedings against Petitioner. (Doc 9, Exhibit 6). On August 2, 2006, DHS served Petitioner with a Notice of Custody Determination. He was held without bond, subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). (Doc 9, Exhibit 7).

In the second round of removal proceedings, Petitioner argued for asylum. (Doc 9, Exhibits 8-12). On April 23, 2007, the Immigration Judge denied Petitioner's application for Asylum as well as his application for withholding of removal and deferred removal under United Nations Convention Against Torture ("CAT"). (Doc 9, Exhibit 14). On August 28, 2007 the Board of Immigration Appeals ("BIA") denied Petitioner's appeal. (Doc 9, Exhibit 15). Petitioner then filed a Petition for Review with the Ninth Circuit on September 10, 2007. (Doc 9, Exhibit 16). That same day the Ninth Circuit granted Petitioner's temporary stay of removal. *Id*. Petitioner's appeal to the Ninth Circuit is currently pending.

**Analysis**

The issue before the Court is two-part. First, the Court must determine which immigration statute authorizes the continued detention of Petitioner. Second, the Court must

1 decide what procedural protections are required by due process given Petitioner's prolonged
2 detention.

3    As an alien moves through different phases of administrative and judicial review, the
4 Attorney General's authority to detain the alien shifts across the multi-layered statutory
5 scheme governing the detention of aliens in removal proceedings. The Attorney General's
6 initial statutory authority to detain Petitioner in this case derived from 8 U.S.C. § 1226(c)
7 because Petitioner committed a removable offense by violating the Controlled Substances
8 Act. *See* § 1226(c)(1)(B) ("The Attorney General shall take into custody any alien who . .
9 . is deportable by reason of having committed any offense covered in section
10 1227(a)(2)(A)(iii) ..."). Mandatory detention under 8 U.S.C. § 1226(c) is meant, however,
11 to be temporary and relatively short in time. As the Ninth Circuit explained in *Tijani*, §
12 1226(c)'s mandatory detention provision applies only to "expedited removal of criminal
13 aliens." 430 F.3d at 1242. The United States Supreme Court described 8 U.S.C. § 1226(c)
14 as intended only to "govern[] detention of deportable criminal aliens *pending their removal*
15 *proceedings*," which the Court emphasized typically "lasts roughly a month and a half in the
16 vast majority of cases in which it is invoked, and about five months in the minority of cases
17 in which the alien chooses to appeal" his removal order to the BIA. *Denmore v. Kim*, 538
18 U.S. 510, 527-528, 530 (2003) (emphasis in original).

19    Mandatory detention under 8 U.S.C. § 1226(c) cannot justify an alien's continued
20 detention after administrative proceedings are complete. *Casas-Castrillon v. Department of*
21 *Homeland Sec.*, 535 F.3d 942, 951 (9th Cir.2008). Once the removal proceedings at the
22 administrative level conclude upon the dismissal of the alien's appeal by the BIA, the alien's
23 continued detention is governed by the Attorney General's discretionary authority under 8
24 U.S.C. § 1226(a). *Casas-Castrillon*, 535 F.3d at 948, *Prieto-Romero v. Clark*, 534 F.3d
25 1053, 1062 (9th Cir.2008), *See* 8 U.S.C. § 1226(a) "an alien may be arrested and detained
26 pending a decision on whether the alien is to be removed from the United States").

27    The Attorney General's discretionary detention authority is not without limits.
28 Discretionary detention authority under 8 U.S.C. § 1226(a) is limited to the "period

1 reasonably necessary to bring about [an] alien's removal from the United States." *Prieto-*
2 *Romero*, 534 F.3d at 1062, *quoting Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). This
3 period of time can include the time in which judicial relief from the removal order is sought.
4 *Prieto-Romero*, 534 F.3d at 1064-1065. This is because, absent facts that would prevent a
5 petitioner's removal to another country, an alien "foreseeably remains *capable* of being
6 removed-even if it has not yet finally been determined that he *should* be removed-and so the
7 government retains an interest in 'assuring [his] presence at removal.'" *Id*. at 1065 (emphasis
8 in original), *quoting Zadvydas*, 533 U.S. at 699 (2001).

9       In the case before this Court, the BIA denied Petitioner's appeal of his removal order
10 on August 28, 2007. At that point the Attorney General's statutory authority to detain
11 Petitioner shifted from 8 U.S.C. § 1226(c), mandatory detention, to 8 U.S.C. § 1226(a),
12 discretionary detention. The Attorney General, however, cannot detain Petitioner for a
13 prolonged period of time without providing Petitioner with an individualized hearing before
14 an immigration judge. Adopting the *Tijani* analysis of 8 U.S.C. § 1226(c), the Ninth Circuit
15 held that 8 U.S.C. § 1226(a), discretionary detention of an alien, must be construed as
16 requiring a bond hearing for the alien. *Casas-Castrillon*, 535 F.3d at 951. Due process
17 "requires 'adequate procedural protections' to ensure that the government's asserted
18 justification for physical confinement 'outweighs the individual's constitutionally protected
19 interest in avoiding physical restraint.'" *Prieto-Romero*, 534 F.3d at 1065 (emphasis in
20 original), *quoting Zadvydas*, 533 U.S. at 690-691. "[P]rolonged detention of aliens is
21 permissible only where the Attorney General finds such detention individually necessary by
22 providing the alien with an adequate opportunity to contest the necessity of his detention."
23 *Casas-Castrillon*, 535 F.3d at 951. "Thus an alien is entitled to release on bond unless the
24 'government establishes that he is a flight risk or will be a danger to the community.'" *Id*. at
25 951, *quoting Tijani*, 430 F.3d at 1242.

26       Petitioner in this case has been in the custody of ICE since August 2, 2006 and held
27 under discretionary detention since the BIA denied Petitioner's appeal on August 28, 2007.
28 Petitioner has been subjected to prolonged detention without being afforded an

- 4 -

1  individualized hearing before an immigration judge in which the government must prove that
2  Petitioner is a flight risk or danger to the community.  Petitioner must be given a bond
3  hearing or be released.

**Recommendation**

This Court recommends that the District Judge, after his independent review and analysis, GRANT Petitioner's Habeas Petition unless, within 60 days, the government provides Petitioner with "a hearing . . . before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community," or shows that he has already received such a bond hearing. *Tijani*, 430 F.3d at 1242.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation.  If objections are not timely filed, they may be deemed waived.  The parties are advised that any objections filed are to be identified with the following case number: **cv-07-1687-DGC**.

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 17th day of October, 2008.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE